**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roland P. BACHMAN and Vickie L. Bachman, Defendants-Appellants.**

No. 82–1290.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1982.

Decided June 30, 1983.

Richard D. Hermann Law Office, Richard D. Hermann, W.J. Durrenberger, Ankeny, Iowa, for defendants-appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Wynette J. Hewett, William P. Wang, Attys., Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before HEANEY and GIBSON, Circuit Judges, and DUMBAULD *, Senior District Judge.

* The Honorable Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

PER CURIAM.

This case presents the question whether the Government may sell, under 26 U.S.C. § 7403, a homestead held as joint tenants with right of survivorship under Iowa law (the funds for purchase of same having been provided by the wife tenant) in order to enforce the tax liability of the husband tenant.

At the request of the parties decision was deferred pending disposition by the Supreme Court of a case which it was thought might be determinative of the case at bar.

On May 31, 1983, the Supreme Court decided *U.S. v. Rodgers,* —— U.S. ——, 103 S.Ct. 2132, 76 L.Ed.2d 236 October Term 1982, involving a homestead under Texas law. In a 5 to 4 decision the Court held that the entire property may be sold, but that there is a degree of discretion vested in the District Court and certain specified factors to be considered in determining the appropriate action for protection of non-delinquent third parties. In *Rodgers* the Court remanded for exercise of equitable discretion by the District Court in the first instance.

In our opinion the same course should be followed in the case at bar. We remand the cause to the District Court, for further proceedings in accordance with the Supreme Court's opinion in *Rodgers.*

Remanded.