**UNITED STATES of America, Plaintiff,**

v.

**Roland P. BACHMAN, Vickie L. Bachman, et al., Defendants.**

**Civ. No. 79–584–E.**

United States District Court, S.D. Iowa, C.D.

Feb. 3, 1984.

David A. Slacter, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., Robert C. Dopf, Asst. U.S. Atty., Des Moines, Iowa, for plaintiff.

Richard D. Hermann, Ankeny, Iowa, for defendants Bachman.

William D. Baker, Des Moines, Iowa, for defendant Scandia.

## ORDER

DONALD E. O'BRIEN, District Judge.

This matter comes before the Court on a remand from the Eighth Circuit Court of Appeals, 710 F.2d 484, following judgment entered by this Court in favor of the plaintiff. The sole issue presently before the Court, as stated by the Court of Appeals, is whether equitable considerations set forth in *United States v. Rodgers*, 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983), should cause this Court to reconsider its order that the homestead of Roland and Vickie Bachman be sold in its entirety with Vickie Bachman to receive one-half of the proceeds and the remaining sum to be paid to the plaintiff and other creditors of the Bachmans. A hearing was held in Des Moines, Iowa on October 26, 1983 with the Bachmans, the Government, and Scandia Savings represented by counsel. At the hearing, it was indicated that further discovery may assist in resolving the question currently before the Court. The parties were, therefore, given thirty days to engage in additional discovery and to file further briefs in the matter. By December 19, 1983, the three parties represented at the hearing had filed additional briefs, but no new discovery has been completed. The Court has contacted the parties and has been informed that no discovery is contemplated and that the matter should be deemed fully submitted. After carefully considering the arguments set forth in the parties' briefs, the Court concludes that the Government may sell the entire homestead in this situation.

As previously stated, the only issue presently before the Court is whether

the Government is entitled, under 26 U.S.C. § 7403, to a judicial sale of the entire homestead to collect delinquent taxes from only one of the cotenants. Specifically, in the present case it is undisputed that Roland Bachman does owe a substantial amount of delinquent taxes but that his wife and cotenant of their homestead, Vickie Bachman, owes no delinquent tax. The Bachmans own their homestead as joint tenants with the right of survivorship. Under Iowa law, joint tenants are presumed to own an undivided per capita interest unless intent to the contrary is expressed in the deed or instrument of conveyance. *See Frederick v. Shorman*, 259 Iowa 1050, 147 N.W.2d 478, 482–83 (1966). In the present case, the defendants have argued that Vickie Bachman actually contributed the majority of the funds that purchased the homestead and thus should be able to overcome the presumption of equal ownership with her husband. Earlier in these proceedings, however, the defendants admitted that Roland Bachman owned a one-half undivided interest in the homestead. *See* Responses to Requests for Admissions, filed March 21, 1980. Any matter admitted under rule 36 of the Federal Rules of Civil Procedure is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Rule 36(b), Federal Rules of Civil Procedure. No such motion or request has been placed before the Court. Furthermore, the admission supports the presumption that the Bachmans own their homestead in equal shares. The Court, therefore, finds that Roland and Vickie Bachman own the homestead in question in equal shares as joint tenants.

■ The Court further finds that, while it is true that Iowa law in the present situation would treat the Bachmans as each owning an undivided one-half interest in the homestead, it is also true that Iowa law prevents either spouse from conveying his or her interest, either voluntarily or involuntarily, for the benefit of creditors or for any other reason without the approval of the other spouse. *See* Iowa Code § 561.13. Similarly, the homestead is exempt from judicial sale in Iowa. Iowa Code § 561.16.

It is clear, therefore, that in the normal course of events, without considering 26 U.S.C. § 7403, a nonindebted spouse would have a legally recognized expectation that the homestead in which he or she held an interest would not be subject to forced sale by the creditors of a delinquent taxpayer spouse.

■ In *United States v. Rodgers, supra,* the United States Supreme Court stated several equitable considerations for the trial court to examine in determining whether a sale of property under § 7403 should be prevented to protect the interests of nondelinquent third parties. The second consideration stated by the Supreme Court seems to have particular application to the present case. Specifically, the trial court is directed to consider "whether the third party with a nonliable separate interest in the property would, in the normal course of events (leaving aside § 7403 and eminent domain proceedings, of course), have a legally recognized expectation that that separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors." The issue before the Supreme Court in *Rodgers* was precisely the situation faced by this Court except that *Rodgers* dealt with Texas homestead laws. With regard to the second consideration stated above, the Supreme Court pointed out that Texas homestead laws are almost absolute in the protections against forced sale, with the exception of equitable orders in divorce settlements. *Id.,* at p. 2151 and n. 42. In the present case, the Government seems to assert that homesteads may be involuntarily sold but cites the Court only to cases involving divorce decrees. It appears, therefore, that Iowa law is, in effect, precisely the same as Texas laws with regard to protection of homesteads against involuntary sales. The significance of this conclusion is that Justice Brennan, writing the decision of the Court in *Rodgers,* stated that Texas homestead laws are on an extreme end of the continuum with regard to the expectations of nondelinquent cotenants. While not specifically stating that the situation present-

ed under Texas law would prevent a forced sale, the Supreme Court clearly felt that, if no other equitable considerations intervened, a sale in such a situation would likely be improper.

In the present case, the Court is presented with an equitable situation that may overcome the interest of the nondelinquent cotenant, Vickie Bachman, in preventing the forced sale of the homestead. This consideration is that the Government would in all likelihood suffer prejudice to its financial interests if it were allowed to sell only the equitable interest currently owned by Roland Bachman. This is the first equitable consideration set out in the *Rodgers* case. *Id.*, at p. 2151. Although the parties in this case seem to agree that the Government may at least attempt to sell the equitable interest of Roland Bachman, § 561.13 of the Iowa Code clearly states that: "No conveyance *or encumbrance* of ... the homestead, if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument...." (emphasis added) The Court feels that the Government may well be hardpressed to find a buyer willing to purchase the equitable interest of Mr. Bachman in the homestead which, in all likelihood, would be sold without the consent of Mrs. Bachman, and then attempt to collect on his purchased interest when the homestead is sold or passed through Mrs. Bachman's estate. The validity of the purchaser's interest may well be challenged as having failed to comply with § 561.13. The Court concludes, therefore, that the Government also has an interest in this situation that would be severely prejudiced by a refusal to allow the sale of the entire homestead property.

The Court is now, therefore, faced with the dilemma of balancing the interest of Mrs. Bachman in preventing a forced sale with the interest of the Government in seeing that its right to collect taxes is exercised. The parties have made no additional record nor have they pointed out to the Court portions of the record previously made in the trial of this matter, evidence that would tip the consideration of these competing interests one direction or another. The Court has found, however, a statement by the Supreme Court in the *Rodgers* case that does tip the balance. The Supreme Court stated that: "We do emphasize, however, that the limited discretion accorded by § 7403 should be exercised rigorously and sparingly, keeping in mind the government's paramount interest in prompt and certain collection of delinquent taxes." *United States v. Rodgers, supra,* at p. 2152. In light of the fact that, in the absence of a forced sale, the Government may well be unable to collect any of its rightful share of Roland Bachman's interest in the homestead, the Court feels that the homestead should be sold, with half the proceeds to be paid to Vickie Bachman and the remaining proceeds to be paid to the Government to satisfy the judgment previously entered in this case and with any remaining proceeds to be divided among the remaining creditors and Roland Bachman, as described in this Court's memorandum order of December 22, 1981.

IT IS THEREFORE ORDERED that this Court's order of December 22, 1981 be complied with in its entirety with respect to the sale of the homestead of Roland and Vickie Bachman.